IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 1:14CR77–HSO–RHW–1

HOSEA BLACKSTON




**ENTRY OF GUILTY PLEA**





BEFORE THE HONORABLE HALIL S. OZERDEN
UNITED STATES DISTRICT JUDGE
FEBRUARY 18TH, 2015
JACKSON, MISSISSIPPI




APPEARANCES:

FOR THE GOVERNMENT:   MR. JOHN A. MEYNARDIE

FOR THE DEFENDANT:   MR. DOYLE LEE COATS


REPORTED BY:  MARY VIRGINIA "Gina" MORRIS, RMR, CRR

_____

501 E. Court, Suite 2.500
Jackson, Mississippi  39201
(601) 608–4187

1          THE COURT:  Please be seated.  We're here in criminal

2   matter 1:14cr77, *United States v. Hosea Blackston,* scheduled

3   for change of plea.  Would counsel please make your appearances

4   for the record.

5          MR. MEYNARDIE:  John Meynardie for the United States,

6   your Honor.

7          MR. COATS:  Doyle Coats for the defendant, Hosea

8   Blackston.

9          THE COURT:  And, Mr. Coats, for the record, is your

10  client present in the courtroom?

11         MR. COATS:  Yes, sir, he is.

12         THE COURT:  All right.  I've been presented with the

13  originals of the plea agreement and plea supplement.  Let me

14  take a moment to look at those and then we'll get started.  And

15  in the meantime, Mr. Meynardie, pursuant to the Crime Victims'

16  Rights Act, are there any victims to this offense?

17         MR. MEYNARDIE:  No, your Honor.

18    (COURT EXAMINED DOCUMENTS)

19         THE COURT:  All right.  I've reviewed the plea

20  agreement and the plea supplement.  They've been executed by

21  counsel for the government as well as counsel for the

22  defendant.  At this time, Mr. Coats, if you and your client

23  would approach the podium, I want to ask him to raise his right

24  hand to the extent he's able and take the oath and we'll get

25  started.

```
 1        (DEFENDANT ADMINISTERED THE OATH)

 2            THE COURT:  Sir, would you please state your full name

 3   for the record.

 4            THE DEFENDANT:  Hosea Blackston.

 5            THE COURT:  Mr. Blackston, you can put your hand down.

 6   Mr. Blackston, do you understand that you are now under oath

 7   and that if you answer any of my questions here today falsely,

 8   your answers may later be used against you in another

 9   prosecution for perjury or making a false statement?  Do you

10   understand that?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  Are you able to read, speak and understand

13   the English language?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  And are you a citizen of the United

16   States?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  If at any point this morning you do not

19   understand something I say or a question I ask, please let me

20   know.  I'm happy to repeat myself.  Also if at any point you

21   would like to stop and consult with your lawyer, I'm happy to

22   let you do that as well.  Just let me know that.  Do you

23   understand all that?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  First thing I have to do this morning is
```

1  establish what we refer to as your competence to enter a plea.

2  That means I need to ask some questions to establish that what

3  you're doing here this morning is a knowing and voluntary act

4  and that you understand what you're doing.  So I'll begin with

5  some of those.  How old are you, sir?

6          THE DEFENDANT:  41.

7          THE COURT:  How far did you go in school?

8          THE DEFENDANT:  12th grade.

9          THE COURT:  Did you graduate or get a GED?

10         THE DEFENDANT:  Got my GED.

11         THE COURT:  And you are able to read and write?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Have you been treated recently for any

14  mental illnesses or addictions to alcohol or narcotic drugs of

15  any kind?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Have you ever been treated for any mental

18  illnesses or addictions to alcohol or narcotic drugs of any

19  kind?

20         THE DEFENDANT:  No.

21         THE COURT:  As you stand here today, are you presently

22  under the influence of any drug, alcoholic beverage,

23  prescription medication or any other substance that would

24  affect your ability to understand what is taking place here?

25         THE DEFENDANT:  No, sir.

1          THE COURT:  Are you capable of consulting with your

2  attorney and understanding what he is telling you?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand why we are and what is

5  happening?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  And do you understand the seriousness of

8  these proceedings?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  And do you understand that the purpose of

11  your appearance here today is to change your plea in this case

12  from not guilty to guilty to Count 6 of the indictment?  Do you

13  understand that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Mr. Coats, have you met with your client?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And in your opinion, is he capable of

18  understanding these proceedings and your advice?

19          MR. COATS:  Yes, sir.

20          THE COURT:  Is there any question in your mind about

21  his competence to enter a plea?

22          MR. COATS:  No, sir.

23          THE COURT:  Mr. Meynardie, is the government aware of

24  any issues with respect to the defendant's competence to enter

25  a plea?

1          MR. MEYNARDIE:  No, your Honor.

2          THE COURT:  Mr. Blackston, have you received a copy of

3    the indictment pending against you in this case, that is, the

4    written charges brought against you by the government?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Have you had an opportunity to review the

7    indictment with your attorney and fully discuss the charges in

8    it with your attorney?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  And were you able to ask your attorney any

11    and all questions you may have had about the charges in the

12    indictment?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Did you understand his answers?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Have you also discussed with your attorney

17    possible defenses, if any, that you might have to these

18    charges?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Were you able to ask your attorney any

21    questions you may have had about that?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Did you understand his answers?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Has your attorney also discussed with you

1   possible witnesses, if any, who could be called to testify in

2   your defense to these charges?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Were you able to ask your attorney any

5   questions you may have had about that?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Did you understand his answers?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Did your attorney also review and discuss

10  with you the evidence that the government intended to produce

11  at trial to support the charges against you?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Were you able to ask your attorney any

14  questions you may have had about that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Did you understand his answers?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Are you satisfied with the amount of time

19  you've been able to spend with your attorney?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Are you satisfied with the amount of time

22  your attorney has spent working on your case?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Are you fully satisfied with the counsel,

25  representation and advice given to you in this case by your

1  attorney?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  If you had any complaints or objections

4  whatsoever regarding the services provided to you by your

5  attorney, now is the time to make those objections.  Do you

6  have any?

7            THE DEFENDANT:  No, sir.

8            THE COURT:  Now, I understand your willingness to

9  plead guilty this morning is the result of some discussions

10 that either you or your attorney have had with the attorney for

11 the government which have resulted in this written plea

12 agreement and plea supplement.  Is that correct?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  And is your signature on the plea

15 agreement and plea supplement?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Did you have a full opportunity to read

18 and discuss the plea agreement and the plea supplement with

19 your attorney before you signed those two documents?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  And were you able to ask your attorney any

22 and all questions may have had about the plea agreement and the

23 plea supplement?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Did you understand his answers?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And do you completely understand all the

3    terms of the plea agreement and the plea supplement?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Mr. Coats, are you satisfied your client

6    completely understands all the terms of the plea agreement and

7    the plea supplement?

8          MR. COATS:  Yes, your Honor.

9          THE COURT:  Now, at this time, Mr. Blackston, I'm

10   going to ask the attorney for the government to state into the

11   record some of the highlights or key terms of your agreement

12   with the government.  I want you to listen to what he has to

13   say because when he's finished, I'm going to ask you if you

14   understand and agree with these terms.  Mr. Meynardie.

15         MR. MEYNARDIE:  Your Honor, if the defendant enters a

16   guilty plea to Count 6 of the indictment, the government is

17   going to recommend that the court accept his plea.  And we will

18   at the time of sentencing move to dismiss the remaining counts

19   of the indictment.

20          There are a number of other provisions, but I want to

21   call particular attention to the waiver provision in paragraph

22   8 in which the defendant has -- is waiving the right to appeal

23   the conviction and sentence imposed in the case or the manner

24   in which the sentence is imposed, waiving the right to contest

25   the conviction and sentence or the manner in which the sentence

1  is imposed any postconviction proceeding, including, but not

2  limited to, a motion under Section 2255 of Title 28, waiving

3  any right to seek attorneys' fees and/or costs under the Hyde

4  Amendment, and acknowledges that the government's position in

5  this prosecution is not vexatious, frivolous or in bad faith.

6         He's waiving all rights, whether asserted directly or

7  by a representative, to request or receive from any department

8  or agency of the United States records pertaining to the

9  investigation or prosecution under the Freedom of Information

10  Act, the Privacy Act or any other statute.  And he is

11  acknowledging and agreeing that any factual issues regarding

12  sentencing will be resolved by the sentencing judge under a

13  preponderance of the evidence standard and waives any right to

14  a jury determination of these sentencing issues.  He does,

15  however, reserve the right to raise issues concerning

16  ineffective assistance of counsel.

17         I would note, your Honor, that this is I believe the

18  only plea agreement that was a offered to the defendant.

19         THE COURT:  All right.  Mr. Blackston, did you hear

20  everything the attorney for the government had to say?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Did you understand everything he had to

23  say?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And do you agree with these terms?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  You understand that what he read there

3    were just the highlights.  The complete agreement with the

4    government is governed by all the terms contained in these two

5    documents, the plea agreement and the plea supplement.  Do you

6    understand that?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Now, has anyone made any other or

9    different promises or assurances of any kind to you other than

10   those contained in the plea agreement and the plea supplement

11   in an effort to induce you to plead guilty in this case?

12          THE DEFENDANT:  No.

13          THE COURT:  Mr. Coats, is that correct?  This was the

14   only plea offer exchanged?

15          MR. COATS:  That's correct, your Honor.

16          THE COURT:  All right.  Now, Mr. Blackston, has anyone

17   attempted in any way to force you or threaten you to plead

18   guilty in this case?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Are you pleading guilty of your own free

21   will because you are, in fact, guilty?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Now, do you understand that the terms of

24   the plea agreement and the plea supplement are merely

25   recommendations to the court, that I can reject those

1  recommendations without permitting you to withdraw your plea of

2  guilty and then impose a sentence that is more severe than you

3  may anticipate?  Do you understand that?

4       THE DEFENDANT:  Yes, sir.

5       THE COURT:  Now, do you also understand that by

6  entering into this plea agreement and pleading guilty here

7  today you are going to waive the right to appeal your

8  conviction and sentence in this case?  Do you understand that?

9       THE DEFENDANT:  Yes, sir.

10      THE COURT:  That last question pertains to the waivers

11 that Mr. Meynardie mentioned.  Those are at paragraph 8 of your

12 plea agreement, and I want to review them with you again and

13 make sure you understand them.

14      Now, do you understand that as part of this plea

15 agreement, by pleading guilty here today you do reserve the

16 right to raise ineffective assistance of counsel claims.

17 However, you are waiving the right to appeal the conviction and

18 sentence imposed in this case or the manner in which the

19 sentence is imposed on any grounds whatsoever.  Do you

20 understand that?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  You're also waiving the right to contest

23 the conviction and sentence or the manner in which the sentence

24 is imposed in any postconviction proceeding, including, but not

25 limited to, a motion brought under Title 28, United States

1   Code, Section 2255.  Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  You're also waiving any right to seek

4   attorneys' fees or costs in this case and you're acknowledging

5   that the government's position in this case was not vexatious,

6   frivolous or in bad faith.  Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you also understand that you're waiving

9   all rights, whether asserted directly by you or through a

10  representative, to request or receive from any department or

11  agency of the United States any records pertaining to the

12  investigation or prosecution of this case?  Do you understand

13  that?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you also understand and agree that any

16  factual issues regarding your sentencing will be decided by the

17  sentencing judge under a preponderance of the evidence

18  standard, which is a lower standard of evidence than would

19  apply at a jury trial?  Do you understand that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  And do you also understand that you're

22  waiving any right to have a jury decide any of these sentencing

23  issues?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Do you further understand and agree that

1   in making its sentencing decision, the court may consider any

2   relevant evidence without regard to whether that evidence would

3   be admissible under the rules of evidence that would apply at a

4   trial?  Do you understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Have you read each and every one of these

7   waivers, Mr. Blackston?

8            THE DEFENDANT:  I read some of them.

9            THE COURT:  All right.  Have you discussed them all

10  with your attorney?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  And have you asked your attorney any and

13  all questions you may have had about them?

14           THE DEFENDANT:  Yes, I have.

15           THE COURT:  And did you understand his answers?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Do you fully and completely understand all

18  these waivers and what the consequences of the waivers are?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  And do you fully and completely understand

21  and knowingly and voluntarily agree to all the waivers along

22  with all the other terms of the plea agreement and the plea

23  supplement?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Mr. Coats, are you satisfied your client

1  knowingly and voluntarily agrees and completely understands all

2  the waivers along with all the other terms of the plea

3  agreement and the plea supplement?

4          MR. COATS:  Yes, sir.

5          THE COURT:  All right.  At this time I'll accept the

6  plea agreement and the plea supplement and direct that it be

7  filed in the record and further direct that the plea supplement

8  be filed under seal.

9          Now, Mr. Blackston, you understand that the offense to

10 which you are seeking to plead guilty is a felony offense and

11 that if your plea is accepted by the court, you will be

12 adjudged guilty of that offense and such adjudication of guilt

13 may deprive you of valuable civil rights, such as the right to

14 vote, the right to hold public office, the right to serve on a

15 jury, and the right to possess any kind of firearm?  Do you

16 understand that?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  I'm required to inform you of the maximum

19 and mandatory minimum penalties to which you would be exposed

20 by pleading guilty to this charge.  You're seeking to plead

21 guilty to Count 6 of the indictment which charges you with

22 violating Title 21, United States Code, Section 841(a)(1),

23 possession with intent to distribute a controlled substance.

24 If you plead guilty to this charge, the maximum and mandatory

25 minimum penalties to which you would be exposed are as follows.

1           A term of imprisonment of not less than five years, up

2    to a maximum of 40 years; a fine of up to $5 million; a term of

3    supervised release of at least four years; and a $100 special

4    assessment.  Do you understand that these are the maximum and

5    mandatory minimum penalties to which you would be exposed by

6    pleading guilty to this charge?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Have you discussed them with your attorney

9    and asked him any questions you may have had about them?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Did you understand his answers?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Now, do you understand that a term of

14   supervised release is imposed in addition to any sentence of

15   imprisonment?  Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And do you understand that what supervised

18   release is is a period of time following your release from any

19   term of imprisonment during which your activities would be

20   monitored and supervised by the probation office?  Do you

21   understand that?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you also understand that a violation of

24   any of the conditions of supervised release could subject you

25   to imprisonment for the entire term of supervised release

1  without credit for any time you might have already served on

2  that term of supervised release?  Do you understand that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Do you also understand that because this

5  offense carries a maximum possible sentence of 25 years or

6  more, a sentence of probation is not available in this case?

7  Do you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Mr. Meynardie, will forfeiture be

10 applicable in this case?

11             MR. MEYNARDIE:  No, your Honor.

12             THE COURT:  Do you also understand, Mr. Blackston,

13 that for each offense you must pay a special assessment of $100

14 per count which because you're pleading guilty to one count

15 would be $100?  Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Do you understand all these possible

18 consequences of your plea here today?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Have you discussed them with your attorney

21 and asked him any questions you may have had about them?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  And did you understand his answers?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Now, under the Sentencing Reform Act of

1   1984, the United States Sentencing Commission has issued

2   sentencing guidelines for judges to follow to determine the

3   sentence in a criminal case.  Your sentence in this case will

4   be determined by considering a combination of these advisory

5   sentencing guidelines, possible authorized departures from

6   those guidelines and other statutory sentencing factors set

7   forth by Congress at Title 18, United States Code, Section

8   3553.  Have you and your attorney talked about how the

9   sentencing guidelines might apply to your case?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And do you understand that the court will

12   not be able to determine the guideline sentence range for your

13   case until after the probation office has prepared a

14   presentence report and you and the government have both had an

15   opportunity to review that report and to challenge or object to

16   the reported facts and proposed application of the sentencing

17   guidelines recommended by the probation officer?  Do you

18   understand that?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you also understand that the sentence

21   ultimately imposed by the court may be different from any

22   estimate that your attorney may have given you?  Do you

23   understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you also understand that after your

1    initial advisory sentencing guideline range has been

2    determined, the court has the authority under some

3    circumstances to depart upward above the guideline range or

4    downward below the guideline range, and the court will also

5    examine other statutory sentencing factors at Title 18, United

6    States Code, Section 3553, that could result in the imposition

7    of a sentence that is either greater than or lesser than the

8    advisory guideline sentence range?  Do you understand that?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Do you also understand that the court in

11   its discretion could sentence you up to the maximum prison

12   sentence provided by statute, which in this case would be 40

13   years but not less than five years.  Do you understand that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you also understand that parole has

16   been abolished and that if you were sentenced to prison, you

17   will not be released on parole?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  You're also waiving some constitutional

20   rights by pleading guilty today.  I want to review those with

21   you to make sure you understand those.  Now, do you understand

22   that you have the right to plead not guilty to any offense

23   charged against you and to persist in that plea?  Do you

24   understand that?

25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  That you would then have the right to a

2    trial by a jury.  Do you understand that?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And at that trial you would be presumed to

5    be innocent and the government would have to prove your guilt

6    beyond a reasonable doubt.  Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  You would have the right to the assistance

9    of counsel for your defense at trial and at every stage of the

10   proceedings and, if necessary, the court would appoint an

11   attorney for you.  Do you understand that?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  You'd have the right to see and hear all

14   the witnesses who testify and to have them cross-examined in

15   your defense.  Do you understand that?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  You would have the right to the issuance

18   of subpoenas or compulsory process to compel witnesses to

19   attend to testify in your defense.  Do you understand that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  You would also have the right on your own

22   part to refuse to testify unless you voluntarily elected to do

23   so in your own defense.  Do you understand that?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And do you also understand that if you

1    decided not to testify or not to put on any evidence

2    whatsoever, those facts could not be used against you?  Do you

3    understand that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Do you also understand that by entering a

6    plea of guilty, if that plea is accepted by the court, there

7    will not be a trial and you will have waived or given up your

8    right to a trial as well as all those other rights associated

9    with a trial as I have just described them?  Do you understand

10   that?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  I'm required to inform you of the charge

13   to which you are seeking to plead guilty.  You're seeking to

14   plead guilty to Count 6 of the indictment which charges as

15   follows.

16             That on or about February 26th, 2014, in George County

17   in the Southern Division of the Southern District of

18   Mississippi and elsewhere, the defendant, Hosea Blackston,

19   aided and abetted by others, known and unknown to the grand

20   jury, did knowingly and intentionally possess with intent to

21   distribute more than five grams of actual methamphetamine, a

22   Schedule II narcotic drug controlled substance, as prohibited

23   by Section 841(a)(1), Title 21, United States Code, and Section

24   2, Title 18, United States Code.

25             Have you seen the indictment against you in this case,

1   Mr. Blackston?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And have you read this charge to which

4   you're seeking to plead guilty?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Have you had a full opportunity to discuss

7   the charge with your attorney and ask him any and all questions

8   you may have had about it?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Did you understand his answers?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And do you fully and completely understand

13   the charge against you in Count 6?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Mr. Coats, do you agree that your client

16   fully and completely understands the charge against him in

17   Count 6?

18          MR. COATS:  Yes.

19          THE COURT:  I also need to explain to you,

20   Mr. Blackston, the essential elements of the charge contained

21   in Count 6.  These are the things the government would have to

22   prove.  They would have to prove them beyond a reasonable doubt

23   in order for you to be found guilty.

24          Count 6 of the indictment charges you with violating

25   Title 21, United States Code, Section 841(a)(1), which makes it

1  a crime for anyone knowingly or intentionally to possess a

2  controlled substance with the intent to distribute it.  Actual

3  methamphetamine is a controlled substance within the meaning of

4  this law.  In order for you to be found guilty of this crime,

5  the government must prove each of the following essential

6  elements beyond a reasonable doubt.

7         First:  That the defendant -- and that would be you --

8  knowingly possessed a controlled substance.

9         Second:  That the substance was, in fact, actual

10 methamphetamine.

11        Third:  That the defendant -- and that would be you --

12 again, possessed the substance with the intent to distribute;

13 and,

14        Fourth:  That the quantity of the substance was at

15 least more than five grams.

16        To possess with intent to distribute simply means to

17 possess with intent to deliver or transfer possession of a

18 controlled substance to another person with or without any

19 financial interest in the transaction.

20        Now, do you understand that those are the essential

21 elements of the charge in Count 6?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  Have you discussed them with your attorney

24 and asked him any questions you may have had about them?

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  Did you understand his answers?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And do you understand what the government

4    would have to prove in order for you to be found guilty?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you fully and completely understand the

7    nature of the charges against you in Count 6, including each of

8    its essential elements?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Mr. Coats, are you satisfied that your

11   client fully and completely understands the nature of the

12   charge against him in Count 6, including each --

13         MR. COATS:  Yes, your Honor.

14         THE COURT:  -- including each of its essential

15   elements?  Let me ask the question again.  Are you satisfied

16   that your client fully and completely understands the nature of

17   the charge against him in Count 6, including each of its

18   essential elements?

19         MR. COATS:  Yes, your Honor.

20         THE COURT:  Now, at this time, Mr. Blackston, I'm

21   going to ask the attorney for the government to state into the

22   record those facts the government would be prepared to prove if

23   this case went to trial.  I want you to listen carefully to

24   what he has to say because when he's finished I'm going to ask

25   you if you understand and agree with everything he has to say.

1    Mr. Meynardie.

2            MR. MEYNARDIE:  Your Honor, if put to its proof, the

3    government would show that it began a long-term investigation

4    into the distribution of crystal methamphetamine in George

5    County involving this defendant and others.  In April -- April

6    the 25th of last year, the FBI obtained a Title III wiretap on

7    this defendant's telephone, and for the next 30 days we were

8    listening to his conversations, which involved a number of

9    different conversations with codefendants concerning the

10   distribution of methamphetamine.

11           Specifically as to Count 6, even prior to that

12   wiretap, on February the 26th of 2014, agents used a

13   cooperating source to make a recorded phone call to

14   Mr. Blackston in order to set up a controlled purchase of

15   crystal methamphetamine.

16           On the same date the confidential informant did, in

17   fact, make a controlled purchase of crystal methamphetamine

18   from Mr. Blackston.  That substance was sent to a lab where it

19   was positive for methamphetamine.  It was 27.9 net grams with a

20   total purity of 98.9 percent.  Prior to the actual controlled

21   purchase, the confidential informant was equipped with an

22   electronic device and the transaction was recorded.

23           On May the 22nd, the day before the wiretap came down,

24   agents of the FBI did, in fact, seek out Mr. Blackston and

25   interviewed him, at which time he confessed that he had been

1  receiving shipments of crystal methamphetamine from codefendant

2  Senon Guzman.  That would be the proof of the government, your

3  Honor.

4          THE COURT:  All right.  Mr. Blackston, did you hear

5  everything the attorney for the government had to say?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Did you understand everything he had to

8  say?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Do you agree with those facts?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Is that, in fact, what happened?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  All right.  In a moment, Mr. Blackston,

15  I'm going to ask you for your plea to the charge in Count 6,

16  whether it's guilty or not guilty.  Before I do that, is there

17  anything you've not understood or that you wish to discuss with

18  your attorney?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  All right.  How do you now wish to plead

21  to the charge contained in Count 6 of the indictment, guilty or

22  not guilty?

23         THE DEFENDANT:  Guilty.

24         THE COURT:  It is the finding of the court in the case

25  of the *United States v. Hosea Blackston* that having viewed the

1   defendant in court and considered his demeanor and responses.

2   the defendant is fully competent and capable of entering an

3   informed plea, that the defendant is aware of the nature of the

4   charges and the consequences of the plea, and that the plea of

5   guilty to Count 6 of the indictment is a knowing and voluntary

6   plea supported by an independent basis in fact containing each

7   of the essential elements of the offense.  The plea is

8   therefore accepted and the defendant is now adjudged guilty of

9   that offense.

10          Now, Mr. Blackston, as I mentioned, a written

11   presentence report will need to be prepared by the probation

12   office to assist the court in sentencing.  You're going to be

13   asked to give information to the probation officer for this

14   report.  It is very important that you provide complete and

15   truthful answers when you meet with the probation officer.

16          You may have your attorney present with you if you

17   wish when you meet with the probation officer.  And you and

18   your attorney will be allowed to read the presentence report

19   and file any objections you may have to the presentence report

20   before the sentencing hearing.  You and your attorney will also

21   have an opportunity to speak on your behalf at the sentencing

22   hearing before the court imposes any sentence.  So when we

23   finish here this morning, I'm going to refer you to Ms. Mentore

24   with the probation office to begin that process.

25          Sentencing in this case will be on Wednesday, May the

1  6th, 2015, at 9:30 a.m. here in this courtroom.  Wednesday

2  May 6th, 2015, at 9:30 a.m. here in this courtroom.

3           I understand that the defendant's been in custody

4  pending trial.  Has there been any change in his status,

5  Mr. Meynardie?

6           MR. MEYNARDIE:  No, your Honor.

7           THE COURT:  Any change in his status, Mr. Coats?

8           MR. COATS:  No, your Honor.

9           THE COURT:  Pursuant to the provisions of the Bail

10  Reform Act, the defendant will be remanded to the custody of

11  the U.S. marshal pending sentencing.

12           Now, Mr. Blackston, you've now been adjudged guilty of

13  a felony.  One consequence of that is that you no longer have

14  the right to possess a firearm of any kind for any purpose.  Do

15  you understand that, sir?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  All right.  Anything further at this time?

18           MR. MEYNARDIE:  No, your Honor.

19           MR. COATS:  No, your Honor.

20           THE COURT:  All right.  Defendant's remanded to

21  custody.  Court's in recess.

22      (HEARING CONCLUDED)

23

24

25

```
 1                      CERTIFICATE OF REPORTER

 2

 3         I, MARY VIRGINIA "Gina" MORRIS, Official Court

 4   Reporter, United States District Court, Southern District of

 5   Mississippi, do hereby certify that the above and foregoing

 6   pages contain a full, true and correct transcript of the

 7   proceedings had in the aforenamed case at the time and

 8   place indicated, which proceedings were recorded by me to

 9   the best of my skill and ability.

10            I certify that the transcript fees and format

11   comply with those prescribed by the Court and Judicial

12   Conference of the United States.

13            This the 4th day of August, 2015.

14

15                         s/ Gina Morris
                           U.S. DISTRICT COURT REPORTER
16

17

18

19

20

21

22

23

24

25
```