# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. 1:14cr77-HSO-RHW-1 |
| | § | |
| HOSEA BLACKSTON | § | |

## ORDER DENYING DEFENDANT HOSEA BLACKSTON'S MOTION [334] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Hosea Blackston's Motion [334] for Compassionate Release. The Court finds that this Motion [334] should be denied.

### I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on February 18, 2015, Defendant Hosea Blackston ("Defendant" or "Blackston") pleaded guilty to Count 6 of the Indictment in this case, which charged that Defendant,

> aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

Indictment [4] at 4-5; Plea Agreement [132] at 1.

On May 6, 2015, the Court sentenced Defendant to a term of imprisonment for 480 months, followed by five years of supervised release. Min. Entry, May 6, 2015. Defendant is presently incarcerated at the Federal Correctional Institution,

Yazoo City Medium ("FCI Yazoo Medium") in Yazoo City, Mississippi, and his anticipated release date is March 25, 2049. Resp. [339] at 5; Ex. 1 [353-1] at 1.

Defendant filed the present Motion [334] for Compassionate Release on January 25, 2021, asking the Court to order his early release or allow him to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic. Mot. [334] at 1. The Motion [334] details Defendant's pre-existing medical conditions, including high blood pressure, obesity, and diabetes, *id.* at 2, and his desire to provide care for his elderly mother, *id.*, all of which he believes constitute extraordinary and compelling reasons justifying compassionate release. He further avers that he does not pose a threat to the public under the applicable § 3553(a) factors. *Id.* at 3-5.

The Government opposes Defendant's Motion [334], contending that the Court should deny it without prejudice because Defendant has not exhausted his administrative remedies. Resp. [339] at 7-12. Alternatively, the Government maintains that, if the Court reaches the merits, it should deny the Motion [334] with prejudice because Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction. *See id.* at 15. The Government further argues that Defendant has not carried his burden of showing that a reduction is warranted in light of the danger he would pose to the community and the relevant factors set forth at 18 U.S.C. § 3553(a). *Id.* at 21.

Defendant counters in his Reply [353] that he has exhausted his administrative remedies pursuant to § 3582(c)(1)(A). Reply [353] at 4. Defendant

contends that his pre-existing medical conditions, including high blood pressure, diabetes, and obesity, warrant his early release because he is susceptible to contracting COVID-19, *id.* at 9, and that he is the only person who can provide care for his elderly mother, *id.* Defendant further asserts that the applicable 18 U.S.C. § 3553(a) factors weigh in his favor and that he is not a danger to the public. *See id.* at 10-11.

## II. <u>DISCUSSION</u>

A. <u>Whether Defendant has exhausted his administrative remedies</u>

Section 3582(b) of Title 18 of the United States Code provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Defendant is subject to the four-step Bureau of Prisons ("BOP") grievance process under 28 C.F.R. §§ 542.13 through 542.15. *See Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *see also* 28 C.F.R. § 542.10 (explaining that the Administrative Remedy Program outlined in 28 C.F.R. §§ 542.10 through 542.19 applies to all people incarcerated in institutions operated by BOP). To "fully exhaust all administrative remedies," Defendant must submit a formal written Administrative Remedy Request using form BP-9. 28 C.F.R. § 542.14. If Defendant receives a denial of his BP-9 and wishes to appeal, he must adhere to the regulation's appellate procedure, which provides as follows:

> [a]n inmate . . . may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

Under the plain language of 18 U.S.C. § 3582(c)(1)(A), a court can only modify a term of imprisonment if a defendant has filed a motion "after" he has fully exhausted his administrative remedies. *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020); *see* 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has recently concluded that the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement "is mandatory." *Franco*, 973 F.3d at 467.

4

Defendant maintains that he filed a request for compassionate release with the BOP and that he did "not receive a response within 30 days," thereby exhausting his administrative remedies. Mot. [334] at 1-2. Although it argues generally that Defendant has not exhausted his administrative remedies, the Government has not brought forth any evidence or specific argument to dispute or contradict Defendant's assertions in this regard, merely stating that "a 30-day period to afford BOP the initial review of the defendant's request . . . cannot be excused." Resp. [339] at 12.

This Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request *and* BOP has not taken any action on it. *United States v. Allen*, 1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020).

Defendant filed the instant Motion [334] on January 25, 2021. Mot. [334]. The Exhibit [353-3] attached to Defendant's Reply [353] indicates that his request was received by the BOP Case Manager on September 14, 2020, who stated that Defendant's request was "being forwarded . . . to the Complex Reduction-in-Sentence Coordinator," and that if Defendant did not receive a "response within 30 days from the date [he] submitted [his] compassionate-release request, [he] may file a motion for compassionate release with the appropriate United States District Court." Ex. [353-3] at 1. There is no indication in the record whether or when the

Warden actually received Defendant's request, and there is no evidence establishing whether the BOP failed to take action within 30 days of the Warden receiving Defendant's request. Whether or not the foregoing sequence of events is sufficient to properly exhaust administrative remedies, the Court finds that Defendant's Motion [334] should nevertheless be denied on the merits.

B. <u>Whether Defendant has identified "extraordinary and compelling circumstances" justifying his release</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement issued by the Sentencing Commission appears in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. U.S.S.G. § 1B1.13. Under § 1B1.13(1)(A), a reduction is appropriate when a court determines that extraordinary and compelling reasons warrant a reduction, and the defendant is not a danger to the safety of any other person or the community. *Id*.

According to Application Note 1 of § 1B1.13 of the Sentencing Guidelines, the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. With respect to a defendant's medical condition, the Application Note contemplates terminal illnesses, serious physical or medical conditions, serious functional or cognitive

6

impairments, or deteriorating physical or mental health because of the aging process, that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* at cmt. n.1(A). "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." *Id.* at cmt. n.1(D).

Defendant argues that his pre-existing health conditions, particularly his high blood pressure, diabetes, and obesity, constitute "extraordinary and compelling reasons" warranting compassionate release due to the COVID-19 pandemic. Mot. [334] at 2; Reply [353] at 9. He alleges that the infection rate at FCI Yazoo Medium places him at an increased risk of contracting COVID-19. Reply [353] at 4.[1] The Government counters that "the mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country" does not present extraordinary and compelling reasons justifying a sentence reduction. *See* Resp. [339] at 15.

Courts to have considered this question agree that generalized concerns of contracting COVID-19 do not constitute "extraordinary and compelling reasons" justifying release. *See, e.g.*, *United States v. Perez-Serrano*, No. CR 5:13-CV-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020); *United States v. Wright*,

---

[1] However, BOP reporting (updated daily) on FCI Yazoo Medium shows 1 reported case of a positive test among inmates and 6 reported cases of positive tests among staff members, with 166 inmates and 10 staff members recovered from COVID-19, as of the date the of filing of this Order. U.S. BUREAU OF PRISONS, COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited April 6, 2021).

7

No. CR 16-214-04, 2020 WL 1976828, at \*6 (W.D. La. Apr. 24, 2020); *United States v. Ayala-Calderon*, No. 419CR00276ALMKPJ, 2020 WL 1812587, at \*2 (E.D. Tex. Apr. 8, 2020); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at \*4 (M.D. La. Apr. 1, 2020); *United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at \*4 (N.D. Tex. Mar. 26, 2020); *see also United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at \*2 (N.D. Cal. Mar. 25, 2020); *United States v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at \*2 (D. Nev. Mar. 24, 2020). This must be the rule because if it were otherwise and courts were required to release every prisoner with a fear or risk of contracting COVID-19, the courts "would then be obligated to release every prisoner." *Wright*, 2020 WL 1976828, at \*5.

The Court has not located any Fifth Circuit precedent directly addressing this question, but the Third Circuit has cited this logic approvingly and noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds this logic persuasive and that it should apply with equal force to this case.

Other courts considering the effect of pre-existing medical conditions on this analysis have held that such conditions, in and of themselves, are "not sufficient to establish extraordinary and compelling reasons to justify a reduction in

8

[d]efendant's sentence." *See, e.g., United States v. Takewell*, No. 3:14-00036, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020) (finding that defendant's "general complaint" of obesity was "not consistent with extraordinary or compelling circumstances" justifying release); *United States v. Koons*, 455 F. Supp. 3d 285, 288 (W.D. La. 2020) (finding that defendant's chronic medical conditions, including high blood pressure insufficient to justify reduction in his sentence because defendant did not establish "exceptional and compelling" circumstances); *United States v. Muniz*, No. 4:14-CR-91(17), 2021 WL 965987, at *4 (E.D. Tex. Mar. 12, 2021) (denying motion for compassionate release because defendant's medical conditions, including diabetes did not establish "extraordinary and compelling" circumstances); *United States v. Denault*, No. 11 CRIM. 121-7 (GBD), 2020 WL 2836780, at *2 (S.D.N.Y. June 1, 2020) (finding defendant's pre-existing medical condition of obesity insufficient to justify reduction in sentence).

Defendant's generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" justifying his release under 18 U.S.C. § 3582(c)(1)(A), despite his diagnosed medical conditions. Defendant's BOP medical records show that he has received several prescriptions to control his high blood pressure, including Ranitidine, an oral medication. Ex. B - Medical Records [340] at 227. The medical records indicate that Defendant's health conditions, including high blood pressure and diabetes, are being monitored and treated with prescription drugs, *id.* at 10, 120, and that he is under the supervision of health care professionals at the BOP, *id.* at 10, 15, 27, 53, 111, 120. While Defendant's

9

conditions may be characterized as "chronic," the medical evidence supports the conclusion that they do not "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," U.S.S.G. § 1B1.13 n.1(A)(ii), as evidenced by his ability to receive medical care from BOP for these conditions and administer prescribed medications himself, *id.* This is insufficient to demonstrate an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A).

Defendant also contends that his obesity places him at an increased risk of contracting COVID-19. Reply [353] at 9. However, obesity does not meet the extraordinary and compelling standard established by the Sentencing Guidelines policy statement. U.S.S.G. § 1B1.13, cmt. n.1. Defendant, as a result of his obesity, is not suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes" his ability to provide self-care within the facility. *See id.* While it is true that, according to CDC guidance, obesity is an underlying health condition that poses increased risk for severe illness from COVID-19, this by itself does not afford adequate grounds for compassionate release. *See Takewell*, 2020 WL 4043060, at *3; *see also United States v. Gheith*, No. CR 14-69, 2020 WL 5850162, at *4 (E.D. La. Oct. 1, 2020) (noting that "courts have found obesity does not provide adequate grounds for compassionate release" and finding that defendant's obesity "does not rise to the level of extraordinary and compelling").

10

Here, Defendant's medical records also reveal that he has received counseling services for exercising and weight loss, *see* Ex. B - Medical Records [340] at 45, indicating that he is capable of self-care while incarcerated and has access to services to address his obesity. Given that Defendant takes regular medication to control his high blood pressure and diabetes, he has shown that he is further capable of managing his obesity, and based upon the medical evidence submitted, *see* Ex. B - Medical Records [340], Defendant's pre-existing medical conditions are not sufficient to establish extraordinary and compelling reasons to justify a reduction in his sentence.

Defendant also maintains that his early release is warranted because he is the only person who can provide care for his elderly mother. Reply [353] at 9. Defendant asserts that his mother "is unable to care for herself, and her only other close relative, her daughter, recently suffered a stroke." *Id.*

Although the Court is sympathetic to Defendant's family circumstances, his assertion that his mother needs a caregiver does not constitute a sufficiently extraordinary and compelling reason to warrant release. The policy statement provides that death or incapacitation of a defendant's spouse or a caregiver of the defendant's children can justify a sentence reduction, in other words, a situation wherein the defendant has become the only available caregiver. U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii); *see United States v. Hudec*, No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (denying compassionate release to defendant to care for his father because he failed to provide documentation that indicated he is the "only

available caregiver" for his father); *United States v. Sam*, No. CR 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying compassionate release for family circumstances where defendant provided no evidence that the mother was incapacitated or that there were no other caregivers available); *see also United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release to defendant to care for ill mother because "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary").

Defendant has attached to his Reply [353] a letter from his mother, indicating that Defendant "could be a caretaker for [her] and [her] daughter." Ex. 4 [353-4] at 1. Defendant has also submitted a letter from a physician, which noted that Defendant's mother was "[u]nable to drive well due to age related loss of coordination," and that she "[w]ould greatly benefit from [a] live in caregiver to assist with transportation[.]" Ex. 5 [353-5] at 1. Defendant, however, has not submitted any documentation that would permit the Court to conclusively determine that he is the only available caregiver for his mother. On the present record, Defendant's family circumstances do not justify compassionate release.

C.  <u>Whether the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Defendant's release</u>

Nor has Defendant demonstrated that the applicable factors set forth under 18 U.S.C. § 3553(a) weigh in favor of his early release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences

12

> available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

Defendant notes that he has no disciplinary incidents at FCI Yazoo Medium and has continued his rehabilitation efforts while incarcerated. Reply [353] at 10. He claims that he has created a plan to transition back into society, *id.*, and that he has "taken full advantage of every opportunity to rehabilitate himself," *id.* The Government counters that a reduction in Defendant's sentence would "demean the serious nature" of the underlying offense he committed, and that the applicable § 3553(a) factors weigh against compassionate release. Resp. [339] at 21.

Defendant is currently serving a 480-month term of imprisonment, of which he has served approximately 15 percent. *See* Ex. 1 [353-1] at 1-2. According to the Presentence Investigation Report ("PSR") prepared in this case, Defendant's offense level was a 43, and his criminal history was a category VI, with a Guidelines term of imprisonment of life. PSR [164] at 43 (filed under seal). Defendant was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Defendant's offense of conviction entailed him playing a key role in a large drug trafficking conspiracy involving the distribution of over 50 grams of actual methamphetamine. *Id.* at 3. According to the PSR, Defendant also

has a significant criminal history, including prior convictions for transfer of a controlled substance and possession of a controlled substance with intent to distribute. *Id*. at 35-36. In view of the nature and circumstances of the offense, his role in the conspiracy, and his criminal history, the Court finds that releasing Defendant from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). For these reasons as well, Defendant's Motion [334] should be denied on the merits.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Hosea Blackston's Motion [334] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of April, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE